JUDGE FURMAN

**13 CV 4479**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

WILLIAM ROGER DEAN,

    Plaintiff,

-against-

JAMES CAMERON, TWENTIETH
CENTURY FOX FILM CORPORATION,
DUNE ENTERTAINMENT III LLC, ,
TWENTIETH CENTURY FOX HOME
ENTERTAINMENT, LIGHTSTORM
ENTERTAINMENT and INGENIOUS FILM
PARTNERS 2 LLP;

    Defendants.
----------------------------------------------------------X

13-CV-

COMPLAINT



ECF Case

**DEMAND FOR JURY TRIAL**

Plaintiff, William Roger Dean, ("Plaintiff" or "Dean") by his attorneys Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, complaining of Defendants alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for copyright infringement, implied contract, unfair competition and unjust enrichment arising out of the Defendants willful and deliberate copying, dissemination, and exploitation of elements of the original images created by Plaintiff and used, without a license, in the critically acclaimed and highly lucrative motion picture *Avatar* (the infringed images are referred to herein as the "Plaintiff's Works") without any work credited to and/or compensation to Plaintiff. Such actions violate Plaintiff's rights and entitles Plaintiff to the damages sought herein and for an order to compel Defendants to cease and desist in such use. Defendants, who have been in the movie business for many years, knew or should have known that they were violating Plaintiff's rights and have realized many millions of dollars from their

infringing actions. Defendants profit from their infringing activities directly and vicariously because they obtain profits from the exploitation of the film by others, who also profit therefrom. This action is brought to obtain redress for blatant infringement of Plaintiff's rights by Defendants and others. In addition, upon information and belief, Defendants are preparing to film and exploit two sequels and one prequel to Avatar, as well as a Walt Disney World *Avatar* themed attraction, potentially continuing their infringing activities.

## THE PARTIES

2.	Plaintiff Roger Dean is a citizen and resident of the United Kingdom and is an internationally recognized artist and designer, whose evocative and visionary images with associated graphics, logos, and lettering created a new genre of work which, among other things, appear on record album covers that have sold millions of copies worldwide.

3.	Upon information and behalf, at all times herein mentioned, Defendant James Cameron ("Cameron") was and is a citizen of the United States or Canada and a resident of the State of California. Upon information and belief, Defendant Cameron directed and co-produced *Avatar*. Defendant Cameron allegedly wrote the screenplay for *Avatar* as well.

4.	Upon information and belief, Defendant Twentieth Century Fox Film Corporation ("Fox Film") is and was at all times material to this action, a Delaware corporation with its principal place of business in Los Angeles, California. Upon information and belief, Defendant Fox Film is and was at all times material to this action, licensed to do business in the State of New York and filmed *Avatar*, a feature length movie, which was shown for public admission in theatres in New York, New York.

5.	Upon information and belief, Defendant Dune Entertainment III LLC ("Dune") is and was at all times material to this action, a Delaware Limited Liability Company with its

principal place of business in Los Angeles, California. Upon information and belief, Defendant Dune is and was at all times material to this action, a picture financing company affiliated with Defendant Fox Film and was involved in the financing of Avatar.

6. Upon information and belief, Defendant Twentieth Century Fox Home Entertainment ("Fox Home") is and was at all times material to this action, a Delaware corporation with its principal place of business in Los Angeles, California. Upon information and belief, Defendant Fox Home is and was at all times material to this action, licensed to do business in the State of New York and is the home video distribution arm of Fox Film.

7. Upon information and belief, Defendant Lightstorm Entertainment ("Lightstorm") is and was at all times material to this action, a California corporation with its principal place of business in Los Angeles, California. Upon information and belief, Defendant Lightstorm is and was at all times material to this action, a film production company founded by Defendant Cameron.

8. Upon information and belief, Defendant Ingenious Film Partners 2 LLP ("Ingenious") is and was at all times material to this action, a foreign Limited Liability Partnership with its principal place of business in London, United Kingdom. Upon information and belief, Defendant Ingenious is and was at all times material to this action, an investor for *Avatar*. The Defendants herein other than Cameron are sometimes referred to herein as the "Corporate Defendants".

## JURISDICTION

9. This action arises under the Copyright Act of 1976 (hereafter "the Copyright Act"), 17 U.S.C. §§ 101 *et seq*.

3

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over the Defendants in that Defendants are conducting business in the State of New York and in this District. See N.Y. C.P.L.R. § 301. All Defendants have transacted business within New York and contracted to supply goods or services in New York in connection with the matters giving rise to this suit. *Id.* § 302(a)(1). Defendants have also committed infringing acts outside of New York causing injury to the Plaintiff in New York, and Defendants regularly do or solicit business in New York, and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce. Id. § 302(a)(3); N.Y.U.D.C. § 404.

12.     Venue is proper pursuant to 28 U.S.C. §§ 1400(a), 1391(b) and (c). Upon information and belief, each Defendant may be found and are subject to personal jurisdiction in this District and/or a substantial part of the acts of infringement complained of herein occurs or has occurred is situated in this District.

## FACTS

13.     Plaintiff has been a well-known and successful artist and designer for more than 45 years. Plaintiff is recognized internationally for architectural concepts, stage, furniture and logo design but particularly for his paintings of unique and original landscapes that feature singular geological forms not otherwise occurring in art or nature.

14.     Plaintiff's work has featured extensively and synonymously on many covers of albums of famous recording artists that have sold many millions of copies as well as having his works of art displayed in museums, private collections and books. Such recording artists include the globally successful artists Yes and Asia.

4

15. Plaintiff has complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for a copyright registration and making the required deposit. Plaintiff owns and administers the copyrights in Plaintiff's Works.

16. Publication was made in full and strict compliance with the federal copyright act.

17. Prior to registration in the United States, Plaintiff's work was widely known and available including via the publication of three (3) books which compiled Defendant's designs and artworks: "Views" published in 1975, "Magnetic Storm" published in 1984 and "Dragon's Dream" published in 2008. "Dragon's Dream" contains images of paintings going back to 1984. Plaintiff's works were in wide circulation prior to the Defendant Cameron's claimed date of creation.

18. Upon information and belief, in 2009, Defendant Cameron wrote the screenplay and directed the epic science fiction film *Avatar*, which substantially infringes upon original images created by Plaintiff.

19. Upon information and belief, Defendant Cameron has publicly stated in a published interview that he created the concept for the motion picture "*Avatar*" in 1995. (see Exhibit __ that is attached to this complaint and incorporated as though fully set forth herein).

20. Upon information and belief, it has been admitted by the persons involved with the production of the film that they had studied and referenced Plaintiff's art during the preparation of the film.

21. The similarities of each such work are substantial, continuing, and direct so as to rule out any accidental copying or similarity in scenes common to the genre. The infringing portions of *Avatar* are so similar to Plaintiff's Works that Defendants and others employed in the preparation of the film must have had access to the Plaintiff's Works.

22.     Upon learning that Defendants had infringed Plaintiff's rights under the Copyright Act, through his counsel, on November 5, 2012, Plaintiff served Defendants Cameron and Fox Film with a letter outlining the relevant facts set forth in this Complaint and urged Defendants Cameron and Fox Film to contact Plaintiff for a resolution to this case. As of the date of this Complaint no corrective action has been taken.

23.     The following similarities (among many others) between *Avatar* and the Plaintiff's Works rule out the possibility that the Defendants independently created the Plaintiff's Works:

    a.     The two Signature Landforms of Pandora ("floating mountains" and "stone arches") are copied from Plaintiff's body of work, in particular Plaintiff's paintings "Floating Islands" and "Arches". "Floating Islands" and "Arches" are recurring themes in Plaintiff's work with over 20 major paintings and approximately 100 watercolors and sketches produced over a 40 year period. These works and those in 'b' below represent a very significant proportion of Plaintiff's life's work.

    b.     The two key tree forms in the Na'vi homeland, the "Hometree" and the "Tree of Life" and other features of the Pandora landscape, are copied from Plaintiff's body of work, in particular the paintings. "Pathways" and "Floating Jungle". As in a. above these are iconic themes revisited in 10 major paintings over 45 years with a large number of sketches and watercolors going back to initial work in the mid 60's.

    c.     The "Pathways (Yessongs)" Painting is the source for three of the Pandora features. The distant tree city provides the form and the iconic silhouette for the 'Home Tree'. The foreground double helix 'pathway' becomes the double helix pathway within the 'Home Tree' and the foreground green 'Barnacle' plants become ubiquitous on Pandora.

  d. The native inhabitants of Pandora have markings the same as those previously created by Plaintiff.

  e. The antennae and markings on the various flying creatures on Pandorra are copied from Plaintiff's body of work. Plaintiff often takes the markings from flora or fauna and transposes it onto creatures. Despite many millions of bugs, birds, fish and flowers in nature the Defendants have used the markings from the exact same creature as that used by the Plaintiff, also transformed onto a different lifeform. Defendants have also in one case transposed both the markings sourced from nature and the silhouette of the fictional creature bearing those markings identically to the combination first utilized by Plaintiff. Thus the Defendants have in one case copied from Plaintiff's work not one but two elements which do not actually feature in nature.

  f. The Defendants' "Signature Landforms" are accordingly copied from Plaintiff's works along with textures, patterns and many other distinctive elements and features of Plaintiff's works. As a result the overall look and feel of the planet Pandora substantially resembles a Roger Dean world in that Pandora's most striking, ~~stand-out~~ and memorable features are those created by Plaintiff.

24. Plaintiff has since early 2000's been active in the development of movie called "Floating Islands", for which a proposal was presented during the 2005 Cannes Film Festival and featured on the front page of the Cannes festival newspaper. The movie was to feature Plaintiff's two landforms and "Pathways" referenced in subparagraph 23(a) and 23(c). There are six pages devoted to the proposed movie "Floating Islands" in Plaintiff's book "Dragon's Dream."

### CLAIM I
### (Copyright Infringement, 17 U.S.C. §§ 101 et seq.)

25. Plaintiff repeats and alleges every allegation in paragraphs 1 through 24 as if set forth herein at length.

26. Plaintiff owns pre-existing copyright interests in Plaintiff's Works as evidenced by the copyright registration and application.

27. Plaintiff has the exclusive right to prepare derivative works based upon the copyrighted work pursuant to 17 U.S.C. § 106.

28. Defendants' copying, use, modification, reproduction, display and distribution of elements as embodied in the *Avatar* Film, including without limitation, expression of ideas and concepts, theme, text and plot contained therein and all derivatives thereof, constitutes a violation of the United States Copyright Act, Title 17 U.S.C. §§ 501(a), 106(2), and all Defendants were acting as infringers within the meaning of 17 U.S.C. § 501(a).

29. Each new infringement by Defendants constitutes a separate and distinct act of infringement.

30. Defendants acts of infringements were willful and in disregard of and with indifference to the rights of Plaintiff.

31. By Defendants' participation in the production, distribution, use, and exploitation of the *Avatar* Film, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiff's copyrights in Plaintiff's Works. As a proximate result of Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate and irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues and avers that unless enjoined and restrained by this Court, Defendants will continue to infringe his rights. Plaintiff is entitled to preliminary injunctive relief to restrain and enjoin Defendants from continuing their infringing conduct.

32. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at a trial of this action which, upon information and belief, exceeds the sum of $50,000,000.00.

## CLAIM II
### (Vicarious and/or Contributory Copyright Infringement)

33. Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Defendants distributed Avatar through exhibitors, television networks, cable companies and DVD and online distribution. Such exploitations constitute infringements of Plaintiff's copyright in the Composition, including its exclusive rights of reproduction, distribution, and public performance, 17 U.S.C. §§ 106 and 501.

35. Upon information and belief, Defendants have the right and ability to supervise and control the infringing conduct of their exhibitors, and television, online and DVD companies and other persons or entities exploiting the film. Defendants have refused to exercise such supervision and control to the extent required by law. As a direct and proximate result of such refusal, Defendants have infringed Plaintiff's copyrights in Plaintiff's Works by exhibitors and others.

36. Defendants derive a direct financial benefit from this infringement, including but not limited to, increased sales and increase in value of Defendants' businesses arising from the of the use of Plaintiff's Works.

37. Each such infringement constitutes an infringement for which Defendants are vicariously and/or contributorily liable constitutes a separate and distinct act of infringement.

38. Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

9

39. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

40. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

41. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants continuing infringing conduct.

## CLAIM III
### (Contributory Infringement)

42. Plaintiff repeats and alleges every allegation in paragraphs 1 through 41 as if set forth herein at length.

43. Plaintiff is informed and believes, and on that basis alleges, that Defendant Cameron provided the means by which the Corporate Defendants infringed Plaintiff's copyrights in Plaintiff's Works. Defendant Cameron provided to the Corporate Defendants the images contained in Plaintiff's Works with the knowledge that the images were derived from Plaintiff's Works and that the Corporate Defendants did not have the rights to Plaintiff's images.

44. The Corporate Defendants conduct complained of herein contributed to the copyright infringement.

45.     As a direct and proximate result of Cameron and the Corporate Defendants contributory copyright infringement, Plaintiff has suffered and will continue to suffer severe injuries and damage, much of which cannot be reasonably or adequately measured or compensated in damages. Such injuries and damage include, but are not limited to, the fact that Plaintiff has been unfairly deprived of: (1) just compensation for the infringing use of Plaintiff's Works; (2) the fair opportunity to republish his images due to the publication and distribution of the film *Avatar* and (3) appropriate recognition, including a screen credit, to which he is undeniably entitled. Plaintiff's exact amount of damages will be proven at trial, but upon information and belief, exceeds the sum of $50,000,000.00.

## CLAIM IV
### (Breach of Implied Contract)

46.     Plaintiff repeats and alleges every allegation in paragraphs 1 through 45 as if set forth herein at length.

47.     Plaintiff has been acknowledged to have created unique and instantly recognizable land forms some of which (i.e., floating islands and arches) are among the most iconic fantasy landscape imagery of all time.

48.     These unique land forms in Plaintiff's art work has been infringed by *Avatar*, through its use of certain self-described "signature land forms." *Avatar* also infringes upon certain other original images created by Plaintiff.

49.     This fact has been noted by numerous comments on the internet. In addition, upon information and belief, it has been admitted by the persons involved with the production of the *Avatar* that they looked at and studied Plaintiff's art work at the time they were creating the film, and referenced Plaintiff's art during the preparation of *Avatar*.

11

50. Defendants voluntarily utilized Plaintiff's ideas and creations knowing full well that Plaintiff would be entitled to, and would have clear expectation of payment in the event Plaintiff's work were utilized by Defendants in *Avatar* or any other feature film.

51. Defendants had an opportunity to reject the images and creations contained in Plaintiff's Works. Instead Defendants utilized Plaintiff's ideas and creations without permission and incorporated them fully in *Avatar*, which went on to become the first film to gross more than $2 billion USD.

52. Defendants continue to produce and distribute Avatar without compensating Plaintiff, thereby continuing their breach of contractual obligations owed to Plaintiff.

53. Further, upon information and belief, Defendants intend to film two (2) sequels and possibly a "prequel" to *Avatar*, and a Walt Disney World Avatar themed attraction, which sequels, prequel and attraction are very likely to utilize many of the original images of Plaintiff which would further continue Defendants breach of contractual obligations owed to Plaintiff.

54. Using Plaintiff's work, as embodied in Avatar, has made Defendants over $2 billion dollars. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial, and is believed to exceed $50,000,000.00, included but not limited to, the value of Plaintiff's ideas, and loss of a share of the profits derived from his ideas. Plaintiff's losses are ongoing.

## CLAIM V
## (Unfair Competition)

55. Plaintiff repeats and alleges every allegation in paragraphs 1 through 54 as if set forth herein at length.

56. New York General Business Law § 349 states that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

57. The above alleged conduct of Defendants amounts to unlawful, deceptive, unfair or fraudulent business practices in violation of New York General Business Law § 349 in that Defendants have misappropriated Plaintiff's art work which Defendants represent to be their own.

58. The above alleged conduct of Defendants was for the purpose of injuring Plaintiff in his business, and has injured Plaintiff in his business.

59. Defendants continue to copy, distribute and sell *Avatar* without compensating Plaintiff, thereby continuing its breach of obligations owed to Plaintiff.

60. Using Plaintiff's work, as embodied *Avatar*, has made Defendants over $2 billion dollars. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to the value of Plaintiff's ideas and loss of a share of the profits derived from his ideas. Plaintiff's losses are ongoing.

## CLAIM VI
## (Unjust Enrichment)

61. Plaintiff repeats and alleges every allegation in paragraphs 1 through 60 as if set forth herein at length.

62. Defendants have received and obtained substantial gains, advantages, and benefits by appropriating Plaintiff's Works and passing it off as an original work.

63. It is inequitable and unjust for the Defendants to retain those gains, advantages and benefits.

64. As a result of the unjust enrichment of the Defendants, Plaintiff has incurred damages in an amount to be determined at trial, plus applicable interest, attorney's fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants in Plaintiff's favor, jointly and severally, as follows:

1. That the Court find that the Defendants have infringed on Plaintiff's copyrights in the work.

2. A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their agents, employees, and all other persons in active concert or privity or in participation with them from directly or indirectly infringing Plaintiffs copyrights or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived, copied, and/or sampled from the works in whatever fashion or to participate or assist in any such activity.

3. That this Court order the Defendants, and all other persons in active concert with them or in such privity as has been described above, immediately post a notice on the website of each such Defendant stating that the prior use of any such work by the Plaintiff was unauthorized and further granting the Plaintiff appropriate Author credit to be determined by this Court in current and any future uses of the work.

4. That this Court order the Defendants, their affiliates, their licensees, and any other such parties upon which they exercise control immediately cease and desist from any further reproduction, distribution, transmission or other use of Plaintiff's Works in any manner or derivation of any kind.

5. That all gains, profits, losses, and advantages derived by Defendants from their acts of infringement, breach of implied contract, unfair competition, unjust enrichment and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff.

6. That judgment be entered for the Plaintiff against the Defendants for Plaintiff's actual damages and for any profits attributed to infringements of Plaintiff's copyrights in the works, pursuant to the Copyright Act of 1976 17 U.S.C. §§ 101 et seq.

7. That judgment be entered for Plaintiff and against Defendants for statutory damages based on Defendants acts of infringement, pursuant to the Copyright Act of 1976 17 U.S.C. § 101 et seq., and 17 U.S.C. § 504 (C)(1) and (2).

8. That Defendants be required to furnish to the Plaintiff a complete and accurate accounting of all profits earned in connection with their use of the work.

9. Recovery from all Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

10. That Plaintiff have judgment against the Defendants for Plaintiff's costs, disbursements, and attorney's fees pursuant to the Copyright Act of 1976, 17 U.S.C.A § 101 et seq., and other such relief as the Court deems proper to do justice to the parties.

11. Declarative relief that the Defendants infringed on the Plaintiff's copyrights and;

12. Preliminary and permanent injunctive relief as to all Defendants, for an order determining that the Corporate Defendants including any agents, subsidiaries, or assigns, be enjoined from distributing or showing the movie *Avatar*, without recognition of the Plaintiff's work in an appropriate screen credit.

13. For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101 et seq., New York State law, and/or for which the Court may deem just and proper, including punitive damages.

Dated: New York, New York
　　　　June 27, 2013

> HANLY CONROY BIERSTEIN SHERIDAN
> FISHER & HAYES LLP
>
> By: _____
>
> Steven M. Hayes
> shayes@hanlyconroy.com
> 112 Madison Avenue, 7th Floor
> New York, New York 10016
> Telephone: (212) 784-6414
> Facsimile: (212) 213-5949
>
> *Attorneys for Plaintiff*