UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
WILLIAM ROGER DEAN,                                          :   13-CV-4479 (JMF)
:
         Plaintiff,                                  :
:   **AMENDED COMPLAINT**
-against-                                                    :
:   **ECF Case**
JAMES CAMERON, et al.,                                       :
:
         Defendants.                                 :   **DEMAND FOR JURY TRIAL**
:
:
------------------------------------------------------------X

RECEIVED SEP 30 2013 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff, William Roger Dean, ("Plaintiff" or "Dean") by his attorneys Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, complaining of Defendants alleges as follows:

### NATURE OF THIS ACTION

    1.    This is an action for copyright infringement arising out of the Defendants willful and deliberate copying, dissemination, and exploitation of elements of the original images created by Plaintiff and used, without a license, in the critically acclaimed and highly lucrative motion picture *Avatar* (the infringed images are referred to herein as the "Plaintiff's Works") without any work credited to and/or compensation to Plaintiff. Such actions violate Plaintiff's rights and entitles Plaintiff to the damages sought herein and for an order to compel Defendants to cease and desist in such use. Defendants, who have been in the movie business for many years, knew or should have known that they were violating Plaintiff's rights and have realized many millions of dollars from their infringing actions. Defendants profit from their infringing

activities because they obtain profits from the exploitation of the film by others, who also profit therefrom. This action is brought to obtain redress for blatant infringement of Plaintiff's rights by Defendants. In addition, upon information and belief, Defendants are preparing to film and exploit two sequels and one prequel to Avatar, as well as a Walt Disney World *Avatar* themed attraction, potentially continuing their infringing activities.

## THE PARTIES

2. Plaintiff Roger Dean is a citizen and resident of the United Kingdom and is an internationally recognized artist and designer, whose evocative and visionary images with associated graphics, logos, and lettering created a new genre of work which, among other things, appear on record album covers that have sold millions of copies worldwide.

3. Upon information and behalf, at all times herein mentioned, Defendant James Cameron ("Cameron") was and is a citizen of Canada and a resident of the State of California. Upon information and belief, Defendant Cameron directed and co-produced *Avatar*. Defendant Cameron allegedly wrote the screenplay for *Avatar* as well.

4. Upon information and belief, Defendant Twentieth Century Fox Film Corporation ("Fox Film") is and was at all times material to this action, a Delaware corporation with its principal place of business in Los Angeles, California. Upon information and belief, Defendant Fox Film is and was at all times material to this action, licensed to do business in the State of New York and filmed *Avatar*, a feature length movie, which was shown for public admission in theatres in New York, New York.

5. Upon information and belief, Defendant Twentieth Century Fox Home Entertainment ("Fox Home") is and was at all times material to this action, a Delaware corporation with its principal place of business in Los Angeles, California. Upon information and

belief, Defendant Fox Home is and was at all times material to this action, licensed to do business in the State of New York and is the home video distribution arm of Fox Film.

6. Upon information and belief, Defendant Lightstorm Entertainment ("Lightstorm") is and was at all times material to this action, a California corporation with its principal place of business in Los Angeles, California. Upon information and belief, Defendant Lightstorm is and was at all times material to this action, a film production company founded by Defendant Cameron.

## JURISDICTION

7. This action arises under the Copyright Act of 1976 (hereafter "the Copyright Act"), 17 U.S.C. §§ 101 *et seq.*

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over the Defendants in that Defendants are conducting business in the State of New York and in this District. See N.Y. C.P.L.R. § 301. All Defendants have transacted business within New York and contracted to supply goods or services in New York in connection with the matters giving rise to this suit. *Id.* § 302(a)(1). Defendants have also committed infringing acts outside of New York causing injury to the Plaintiff in New York, and Defendants regularly do or solicit business in New York, and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce. Id. § 302(a)(3); N.Y.U.D.C. § 404.

10. Venue is proper pursuant to 28 U.S.C. §§ 1400(a), 1391(b) and (c). Upon information and belief, each Defendant may be found and are subject to personal jurisdiction in

this District and/or a substantial part of the acts of infringement complained of herein occurs or has occurred is situated in this District.

## FACTS

11. Plaintiff has been a well-known and successful artist and designer for more than 45 years. Plaintiff is recognized internationally for architectural concepts, stage, furniture and logo design but particularly for his paintings of unique and original landscapes that feature singular geological forms not otherwise occurring in art or nature.

12. Plaintiff's work has featured extensively on many covers of albums of famous recording artists that have sold many millions of copies as well as having his works of art displayed in museums, private collections and books. Such recording artists include the globally successful artists Yes and Asia.

13. Plaintiff has complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for a copyright registration and making the required deposit. Plaintiff owns and administers the copyrights in Plaintiff's Works.

14. Publication was made in full and strict compliance with the federal copyright act.

15. Prior to registration in the United States, Plaintiff's work was widely known and available including via the publication of three (3) books which compiled Defendant's designs and artworks: "Views" published in 1975, "Magnetic Storm" published in 1984 and "Dragon's Dream" published in 2008. "Dragon's Dream" contains images of paintings going back to 1984. Plaintiff's works were in wide circulation prior to the Defendant Cameron's claimed date of creation.

16. Upon information and belief, in 2009, Defendant Cameron wrote the screenplay and directed the epic science fiction film *Avatar*, which substantially infringes upon original images created by Plaintiff.

17. Upon information and belief, Defendant Cameron has publicly stated in a published interview that he created the concept for the motion picture "*Avatar*" in 1995.

18. Upon information and belief, it has been admitted by one or more of the persons involved with the production of the film that they had studied and referenced Plaintiff's art during the preparation of the film.

19. The similarities of each such work are substantial, continuing, and direct so as to rule out any accidental copying or similarity in scenes common to the genre. The infringing portions of *Avatar* are so similar to Plaintiff's Works that Defendants and others employed in the preparation of the film must have had access to the Plaintiff's Works.

20. Upon learning that Defendants had infringed Plaintiff's rights under the Copyright Act, through his counsel, on November 5, 2012, Plaintiff served Defendants Cameron and Fox Film with a letter outlining the relevant facts set forth in this Complaint and urged Defendants Cameron and Fox Film to contact Plaintiff for a resolution to this case. As of the date of this Complaint no corrective action has been taken.

21. Upon information and belief, the following original artworks created and owned by Plaintiff have been infringed:

    a. The 1st of April

    b. Floating Islands

    c. Stairway to Heaven

    d. Arches Mist

    e. Red Dragon Landscape

    f. Aftermath

    g. The Guardians

    h. Ascension City

    i. Pathways (Yessongs)

    j. Floating Jungle sketch and painting

    k. Morning Dragon

    l. Magician's Birthday

    m. Festival logos from Northeastern Art Rock Festival and appearing in the book Dragon's Dream at page 77

    n. Yes Dragonfly Logo

22.     Plaintiff has since early 2000's been active in the development of movie called "Floating Islands", for which a proposal was presented during the 2005 Cannes Film Festival and featured on the front page of the Cannes festival magazine "The Business of Film". The movie was to feature Plaintiff's two landforms and "Pathways". There are six pages devoted to the proposed movie "Floating Islands" in Plaintiff's book "Dragon's Dream."

## CLAIM
### (Copyright Infringement, 17 U.S.C. §§ 101 et seq.)

23.     Plaintiff repeats and alleges every allegation in paragraphs 1 through 22 as if set forth herein at length.

24.     Plaintiff owns pre-existing copyright interests in Plaintiff's Works as evidenced by the copyright registration and application.

25.     Plaintiff has the exclusive right to prepare derivative works based upon the copyrighted work pursuant to 17 U.S.C. § 106.

26. Defendants' copying, use, modification, reproduction, display and distribution of elements as embodied in the *Avatar* Film, including without limitation, expression of ideas and concepts, theme, text and plot contained therein and all derivatives thereof, constitutes a violation of the United States Copyright Act, Title 17 U.S.C. §§ 501(a), 106(2), and all Defendants were acting as infringers within the meaning of 17 U.S.C. § 501(a).

27. Each new infringement by Defendants constitutes a separate and distinct act of infringement.

28. Defendants acts of infringements were willful and in disregard of and with indifference to the rights of Plaintiff.

29. By Defendants' participation in the production, distribution, use, and exploitation of the *Avatar* Film, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiff's copyrights in Plaintiff's Works. As a proximate result of Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate and irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues and avers that unless enjoined and restrained by this Court, Defendants will continue to infringe his rights. Plaintiff is entitled to preliminary injunctive relief to restrain and enjoin Defendants from continuing their infringing conduct.

30. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at a trial of this action which, upon information and belief, exceeds the sum of $50,000,000.00.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants in Plaintiff's favor, jointly and severally, as follows:

1. That the Court find that the Defendants have infringed on Plaintiff's copyrights in the work.

2. A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their agents, employees, and all other persons in active concert or privity or in participation with them from directly or indirectly infringing Plaintiffs copyrights or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived, copied, and/or sampled from the works in whatever fashion or to participate or assist in any such activity.

3. That this Court order the Defendants, and all other persons in active concert with them or in such privity as has been described above, immediately post a notice on the website of each such Defendant stating that the prior use of any such work by the Plaintiff was unauthorized and further granting the Plaintiff appropriate Author credit to be determined by this Court in current and any future uses of the work.

4. That this Court order the Defendants, their affiliates, their licensees, and any other such parties upon which they exercise control immediately cease and desist from any further reproduction, distribution, transmission or other use of Plaintiff's Works in any manner or derivation of any kind.

5. That all gains, profits, losses, and advantages derived by Defendants from their acts of infringement be deemed to be held in constructive trust for the benefit of Plaintiff.

6.   That judgment be entered for the Plaintiff against the Defendants for Plaintiff's actual damages and for any profits attributed to infringements of Plaintiff's copyrights in the works, pursuant to the Copyright Act of 1976 17 U.S.C. §§ 101 et seq.

7.   That judgment be entered for Plaintiff and against Defendants for statutory damages based on Defendants acts of infringement, pursuant to the Copyright Act of 1976 17 U.S.C. § 101 et seq., and 17 U.S.C. § 504 (C)(1) and (2).

8.   That Defendants be required to furnish to the Plaintiff a complete and accurate accounting of all profits earned in connection with their use of the work.

9.   Recovery from all Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

10.  That Plaintiff have judgment against the Defendants for Plaintiff's costs, disbursements, and attorney's fees pursuant to the Copyright Act of 1976, 17 U.S.C.A § 101 et seq., and other such relief as the Court deems proper to do justice to the parties.

11.  Declarative relief that the Defendants infringed on the Plaintiff's copyrights and;

12.  Preliminary and permanent injunctive relief as to all Defendants, for an order determining that the Corporate Defendants including any agents, subsidiaries, or assigns, be enjoined from distributing or showing the movie *Avatar*, without recognition of the Plaintiff's work in an appropriate screen credit.

13. For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

Dated: New York, New York
       September 27, 2013

                        HANLY CONROY BIERSTEIN SHERIDAN
                        FISHER & HAYES LLP

                        By: _____

                        Steven M. Hayes
                        shayes@hanlyconroy.com
                        112 Madison Avenue, 7th Floor
                        New York, New York 10016
                        Telephone: (212) 784-6414
                        Facsimile: (212) 213-5949

                        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ROGER DEAN,<br><br>                    Plaintiff,<br><br>- against -<br><br>JAMES CAMERON, TWENTIETH CENTURY FOX FILM CORPORATION, TWENTIETH CENTURY FOX HOME ENTERTAINMENT, AND LIGHTSTORM ENTERTAINMENT<br><br>                    Defendants. | 13-CV-4479 (JMF)<br><br>AFFIDAVIT OF SERVICE ON AMENDED COMPLAINT |

State of New York  )
                            ) ss.:
County of New York  )

      Glenn Sanders, being duly sworn deposes and says, that I am over 18 years of age, that I am not a party to the within action, and that I am employed by Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, attorneys for William Roger Dean herein.

On the 27th of September, 2013, I served a true copy of Plaintiff's Amended Complaint by First Class Mail, upon counsel for defendants at:

                        Jonathan Zavin
                        Loeb & Loeb LLP
                        345 Park Avenue
                        New York, NY 10154

this being the address designated by said attorney for that purpose upon the preceding papers in this action.

                                                              _Glenn A. Sanders_
                                                                Glenn Sanders

Sworn to before me this
27th day of September, 2013

_Julio A. Lucena_
Notary Public

JULIO A. LUCENA
Notary Public, State of New York
No. 01LU4999280
Qualified in New York County
Commission Expires July 20, ~~2006~~ 2014